# Exhibits Table of Contents

| Exhibit | Description | Page |
|---|---|---|
| A | DEA Administrative Subpoena No. R6-20-252406 [Redacted] | 2 |
| B | BCC Letter (Jan. 21, 2020) [Redacted] | 4 |

# Exhibit A

## U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: ▮▮▮▮▮
Subpoena No. R6-20-252406

**TO:** Bureau of Cannabis Control
Attn: ▮▮▮
AT: ▮▮▮▮▮▮▮▮▮▮

**PHONE:** ▮▮▮
**FAX:**

### Please EXPEDITE this request.

**GREETING:** By the service of this subpoena upon you by Special Agent Joshua Matas who is authorized to serve it, you are hereby commanded and required to produce for examination the following books, records, and papers to Special Agent John Chase, an officer of the Drug Enforcement Administration, at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. 801 et seq., you are to provide all documents including unredacted cannabis license(s), unredacted cannabis license application(s), and underacted shipping manifest(s) for the below California Bureau of Cannabis Control licensees from January 1, 2018 to Present:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The information sought in this subpoena is relevant and material to a legitimate law enforcement inquiry; the request is specific and limited to the extent reasonably necessary for the purpose of this request; and de-identified information could not reasonably be used.

Personal appearance is not required for the production of these documents. You may e-mail copies of all requested documents to Special Agent John Chase at ▮▮▮▮▮ or you may send all requested documents, via United States mail, to Special Agent John Chase at the following location: ▮▮▮▮▮▮▮▮▮

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to Special Agent John T. Chase, ▮▮▮

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)

**ORIGINAL**

Signature: _Cristina Lopez_
Cristina L. Lopez
Intelligence Research Specialist

Issued this 8th day of Jan 2020

FORM DEA-79

# Exhibit B

 BUSINESS, CONSUMER SERVICES, AND HOUSING AGENCY • GAVIN NEWSOM, GOVERNOR
**Bureau of Cannabis Control**

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇ | www.bcc.ca.gov



**Via Email**

January 21, 2020

DEA ICDO
ATTN: Special Agent John T. Chase
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

RE: Case No. ▇▇▇▇▇▇▇ - Subpoena No. R6-20-252406

Special Agent Chase,

The Bureau of Cannabis Control (Bureau) has received the U.S. Department of Justice/Drug Enforcement Administration Subpoena, In the matter of the investigation of Case No. ▇▇▇▇▇▇▇, Subpoena N. R6-20-252406 (Subpoena). The Subpoena requests all unredacted cannabis license(s), unredacted cannabis license applications(s), and unredacted shipping manifest(s) from January 1, 2018 to present for Bureau licensees ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The Bureau objects to the subpoena and will not produce the requested documents as the subpoena does not specify the relevancy of the subpoena and requests information that is confidential, protected from disclosure, and part of pending licensing application investigations.

First, an administrative subpoena must seek records that are relevant to the subpoenaing agency investigation. (21 U.S.C. § 876(a); *U.S. v. Golden Valley Elec. Ass'n* (9th Cir. 2012) 689 F.3d 1108.) In this instance, the Subpoena only states that the information sought is "relevant and material to a legitimate law enforcement inquiry." This fails to meet the appropriate standard of establishing that the records are in fact relevant to this particular investigation.

Additionally, the subpoena seeks information that is confidential and not subject to disclosure. Application materials contain private personal identifying information, such as social security numbers, dates of birth, personal contact information, bank account details, loan and investment disclosures, revenue information, insurance information, vehicle information, and criminal history information. This information is protected by the right to privacy and California Civil Code section 1798.24. A California state agency may not disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains. In addition to state law protections, federal law limits disclosure of taxpayer return information, including taxpayer identifying number, by a state officer or employee. (26 U.S.C. §6103; Cal. Gov. Code § 6254(n).) The Bureau also receives criminal history information as part of its licensing process,

To: Special Agent John T. Chase
Date: January 21, 2020
RE: Case No. ▓▓▓▓▓▓▓▓ - Subpoena No. R6-20-252406

---

which is governed by California Penal Code section 11142. This section provides that any person authorized by law to receive state summary of criminal history information who furnishes that information to anyone not authorized by law to receive it is guilty of a misdemeanor. The application information is utilized for the Bureau to investigate whether the person and premises location are suitable for licensure; thus, are part of pending investigations.

In addition to the personal information provided to the Bureau, an applicant or licensee must provide procedures for the business and a diagram of the businesses premises. These operating procedures contain information concerning trade secrets or other proprietary information protected from disclosure. Additionally, both the procedures and diagram of the premises contain information that could impact the security of the business.  (Cal. Gov. Code, § 6254, subds. (f) and (k) [incorporating Evid. Code, § 1060 protections of trade secrets].)

Further, shipping manifests for cannabis licensees are confidential pursuant to California Business and Professions Code section 26067, subdivision (b)(6). These shipping manifests are part of the track and trace program used to follow the movement of cannabis goods through the regulated supply chain; thus, subject to the confidentiality provisions for information maintained as part of that system.

Thank you for your cooperation. If you would like to further discuss this matter, please contact me at ▓▓▓▓▓▓▓▓▓▓▓▓▓.


Sincerely,

▓▓▓▓▓▓▓▓
Attorney III