XAVIER BECERRA
Attorney General of California
JONATHAN L. WOLFF
Chief Assistant Attorney General
HARINDER K. KAPUR
Senior Assistant Attorney General
State Bar No. 198769
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 738-9407
Fax: (619) 645-2061
E-mail: Harinder.Kapur@doj.ca.gov
*Attorneys for Respondent*
*Bureau of Cannabis Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA,**

Petitioner,

**v.**

**BUREAU OF CANNABIS CONTROL, A STATE OF CALIFORNIA AGENCY,**

Respondent.

Case No. 3:20-cv-01375-BEN-LL

**OPPOSITION TO PETITION TO ENFORCE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION ADMINISTRATIVE SUBPOENA**

Judge: Hon. Linda Lopez
Trial Date: N/A
Action Filed: 7/20/2020

## INTRODUCTION

This petition calls on this Court to determine whether records pertaining to three business entities and three individuals subpoenaed by the Drug Enforcement Administration (DEA) are relevant to any DEA investigation(s) and whether the scope of the subpoena is reasonable. Courts have held that to obtain an enforcement order, the DEA must submit evidence showing the relevance and reasonableness of the subpoena. Given the United States' failure to submit such evidence, the petition should be denied.

## BACKGROUND

### I. CALIFORNIA'S REQUIREMENTS FOR CANNABIS LICENSES

In 2016, the voters of California passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act (AUMA), which established a "comprehensive system to legalize, control, and regulate the cultivation, processing, manufacture, distribution, testing, and sale of nonmedical marijuana, including marijuana products, for use by adults 21 years and older." Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 64, pp. 178-210. Medicinal marijuana had been legal in California since 1996, when California voters passed the Compassionate Use Act. Gen. Elec. (Nov. 5, 1996) Prop. 215. In 2017, California Senate Bill 94, the Medicinal and Adult-Use Cannabis Regulation and Safety Act[1], was signed into law and resulted in the consolidation of the state's medicinal and adult-use regulatory systems. Cal. Bus. & Prof. Code § 26000 et seq.

Effective January 1, 2018, state issued licenses were required for cultivators, manufacturers, distributors, retailers, microbusinesses, testing laboratories, and event organizers, engaged in commercial cannabis activity in the state. *Id.* at §§ 26012, 26013. In order to engage in the distribution of cannabis in California, a

[1] The Medicinal and Adult-Use Cannabis Regulation and Safety Act changed the term marijuana to cannabis in all California statutes. Cal. Bus. & Prof. Code §§ 26000-26250. However, Federal law refers to "marihuana." 21 U.S.C. § 802(16).

person must apply for and obtain a distributor license with the Bureau of Cannabis Control.[2] *Id*. at § 26012(a)(1).

Initially, commercial cannabis businesses applied for and obtained, if approved, temporary licenses. *Id*. at § 26050.1 (repealed 2019). This application process required minimal information to be provided to the Bureau, and the license was effective for a period of no more than 120 days, but could be extended by the Bureau if certain requirements were met, while the annual application was pending approval. Cal. Code Regs. tit. 16, § 5001. In 2019, the State enacted legislation which permits commercial cannabis businesses to apply for provisional licenses while awaiting approval of an annual license application. Cal. Bus. & Prof. Code § 26050.2. The provisional and annual licensing processes require the applicant to provide significant and detailed information to the Bureau, including, but not limited to, business ownership interest(s), financial interest(s), personal identifying information such as date of birth and social security number, financial information including banking information, business operating procedures, and state and federal criminal arrest and conviction history. *Id*. at § 26051.5; Cal. Code Reg., tit. 16, §§ 5002, 5003, 5004, and 5006.

All commercial cannabis activity must be conducted between license holders. Cal. Bus. & Prof. Code § 26053. A distributor license authorizes the license holder to procure, sell, and transport cannabis and cannabis products between licensees. *Id*. at § 26001(r). In order to ensure that cannabis and cannabis products are procured, sold, and/or transported between licensees, the "movement of cannabis and cannabis products throughout the distribution chain" is reported through a track and trace program. *Id*. at § 26067. The information that is received and contained in track and trace records is "confidential and shall not be disclosed pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of

[2] The records sought by the subpoena in this matter pertained to distributor license applicants/holders.

Division 7 of Title 1 of the Government Code), except as necessary for authorized employees of the State of California or any city, county, or city and county to perform official duties pursuant to this division or a local ordinance." *Id*.

## II. The Administrative Subpoena

The Bureau received the DEA's administrative subpoena by personal service on January 9, 2020. The administrative subpoena seeks information from the Bureau including "unredacted cannabis license(s), unredacted cannabis license application(s), and unredacted shipping manifest(s)" for three business entities and three individuals for the period from January 1, 2018 to January 9, 2020. Pet. Ex. A. The administrative subpoena contains largely boilerplate language stating that the records being sought are related to "violations of the [Controlled Substances Act] and the "information sought …is relevant and material to a legitimate law enforcement inquiry…" *Id.*

## III. Response To The Subpoena

In response to the subpoena, the Bureau informed the DEA that it objected to the subpoena for the following reasons: (1) the "subpoena does not specify the relevancy of the subpoena" as it failed to include a statement describing how the subpoenaed records are in fact relevant to the DEA investigation, and (2) the subpoena sought information that was part of a pending licensing application investigation and was confidential, protected as a trade secret, or was otherwise protected by California privacy laws. Pet. Ex. B.

## ARGUMENT

Under the Controlled Substances Act (CSA), 21 U.S.C. § 801, *et seq*., the recipient of an administrative subpoena may contest the validity by requiring the DEA to seek enforcement of the subpoena in federal court under the procedures set forth in 21 U.S.C. § 876(c). Although the court's inquiry is limited, "the subpoenaed party [must be able to] obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply. *See v. City of*

*Seattle*, 387 U.S. 541, 545 (1967); *Donovan v. Lone Steer, Inc*., 464 U.S. 408, 415 (1984). Here, the CSA's enforcement procedure to protect the privacy of confidential investigatory and proprietary records has been triggered because the United States has declined to satisfy the Bureau that the subpoenaed records are relevant to the DEA's investigation and are appropriate in scope.

The Court should deny the petition because the United States has failed to offer evidence that the subpoenaed records are relevant to any DEA investigation and that the subpoena is reasonable in scope. In addition, the Bureau, as part of an administrative agency within the State of California, is obligated to raise available state law objections to the administrative subpoena. If the Court is inclined to grant the petition, it should ensure that the subpoenaed records are collected only as needed for purposes consistent with the CSA and that the records will be disseminated only as necessary for those purposes.

## I. THE UNITED STATES HAS FAILED TO SHOW THAT THE SUBPOENAED RECORDS ARE RELEVANT TO ANY INVESTIGATION

In an enforcement proceeding, the court determines whether the issuing agency has shown that (1) Congress has granted the authority to investigate; (2) procedural requirements have been followed; and (3) the evidence is relevant to the investigation. *EEOC v. Children's Hosp. Med. Ctr. Of N. Cal*., 719 F.2d 1426, 1428 (9th Cir. 1983 (en banc), overruled on other grounds as recognized in *Prudential Ins. Co. of Am. V. Lai*, 42 F.3d 1299 (9th Cir. 1994). In this case, while the first two elements have been met, the third has not: the United States has failed to show that the subpoenaed records are relevant to any investigation.[3] An administrative subpoena will not be enforced where the evidence sought by the subpoena is "irrelevant to any lawful purpose of the agency." *EEOC v. Karuk*

[3] The Bureau does not contest the United States' authority to conduct investigations relating to "controlled substances" under 21 U.S.C. § 876, or that the United States has met procedural requirements in issuing and serving on the Bureau the subpoena on January 9, 2020.

*Tribe Hous. Auth.,* 260 F.3d 1071, 1076 (9th Cir.2001). Indeed, the United States can easily show the relevance of the subpoenaed records by the affidavit of an agent conducting the investigation, describing the nature of the investigation, and explaining how the subpoenaed records are relevant to the investigation. *See United States v. Golden Valley Electric Ass'n*., 689 F.3d 1108, 1114 (9th Cir. 2012); *United States v. Zedah*, 820 F.3d 746, 757-58 (5th Cir. 2016).

In *Golden Valley Electric Association*, the DEA was conducting an investigation involving the alleged manufacture and distribution of controlled substances. In order to demonstrate the relevance of subpoenaing energy consumption and other records, the DEA agent filed an affidavit in the district court stating that the subpoenaed records were relevant to the investigation of a suspected drug crime. The electricity cooperative acknowledged that energy consumption could be evidence of marijuana cultivation. *Golden Valley Electric Ass'n*, 689 F.3d at 1114. The court found that energy consumption could be relevant to an investigation into a suspected drug crime, for example, an indoor marijuana operation. *Id*. Based on this information, the court held that the United States had satisfied the relevance standard for the issuance of an administrative subpoena in a drug investigation. *Id*.

Petitioner cites to *State of California*, 2019 WL 2498312, as precedent to guide this court. In *State of California*, the DEA issued an administrative subpoena seeking patient information from California's Controlled Substance Utilization Review and Evaluation System (CURES) in an investigation related to violation(s) of the Controlled Substances Act. CURES contains a record of all prescriptions of Schedule II-IV controlled substances dispensed in California, including fentanyl, and patient, prescriber, and dispensing information. Cal. Health & Safety Code § 11165 (d). In finding that the subpoena satisfied the relevancy standard "upon a facial reading of the subpoena itself" the Court stated "[f]rom the Court's reading of

the subpoena, it gathers that an ongoing DEA investigation, authorized under the Controlled Substances Act, sought prescription records *in connection with a possible diversion of if [sic] fentanyl which may [sic] related to a death*." *State of California*, 2019 WL 2498312, at *2. The information contained in the CURES database was found to be relevant to an investigation of a possible violation of fentanyl prescribing which lead to death.

Unlike the sworn testimony submitted by the United States in *Golden Valley Electric Association* and the additional information provided regarding the investigation in *State of California* demonstrating the relevance of the subpoenaed documents to the investigation, here, the United States offers a boilerplate subpoena which simply states that it was seeking records "[p]ursuant to an investigation of violations of [the CSA]" and references a criminal investigation being conducted. Pet. Ex. A. Here, a facial reading of the subpoena reveals *only* that there is an ongoing investigation authorized under the Controlled Substances Act, nothing more. This does not satisfy the relevancy requirement.

## II. THE BUREAU IS UNABLE TO DETERMINE THAT THE SUBPOENA IS REASONABLE IN SCOPE

An administrative subpoena will not be enforced if it is "too indefinite or broad." *Peters v. United States*, 853 F.2d 692, 699 (9th Cir. 1988). The United States claims that the scope of the subpoena is reasonable because it seeks the records of six entities, three businesses and three individuals, for a period of approximately two years. However, the United States has failed to provide any information from which this Court or the Bureau can ascertain whether the scope of the request is reasonable in the context of the investigation.

In *United States v. Zedah*, 820 F.3d 746 (5th Cir. 2016) the court held that a subpoena was reasonable in scope because it was supported by the DEA agent's declaration explaining the that the subpoena was limited to only those records that

had already come to the attention of the DEA through the DEA's investigative efforts. *Zedah*, 820 F3d at 758. Because the subpoena fails to state how the records are relevant to the DEA's investigation, the Bureau is unable to determine whether scope of the subpoena is reasonable. On this basis, the Court should deny the petition.

## III. THE BUREAU IS OBLIGATED TO RAISE REASONABLE OBJECTIONS TO THE DEFICIENT SUBPOENA

The Bureau is an administrative agency within California Government. Cal. Bus. & Prof. Code § 26010. Article III, section 3.5, subdivision (c) of the California Constitution states that an administrative agency, including one created by California Constitution or an initiative statute, has no power absent a court order "[t]o declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute . . . ." Cal. Const., Art. III, § 3.5.

The Bureau objected to the subpoena because it failed to identify the relevancy of the requested information which "is confidential, protected from disclosure, and part of pending licensing application investigations." Pet. Ex. B. Applicants for state commercial cannabis business licenses are required to submit personal identifying information, confidential information, and business operating procedures as part of the application process. Cal. Bus & Prof. Code § 26051.5. In raising this objection, the Bureau cited to the following:

- California Information Practices Act provision regarding personal information. Cal. Civ. Code § 1798.24.
- Statements of personal worth or personal financial data required by a licensing agency and filed by an applicant with the licensing agency to establish their personal qualification for the license, certificate, or permit applied for. Cal. Gov't Code § 6254 (n).
- Criminal History Records. Cal. Penal Code §§ 11105, 11142.

- Business Operating Procedures which are unique to the business, i.e. trade secrets. Cal. Evid. Code § 1060.
- Business Shipping Manifests. Cal. Bus. & Prof. Code § 26067 (b)(6).

These objections were made by the Bureau in its role as an administrative agency of the State and in order to preserve them for review. *See Delta Dental Plan of Cal. v. Mendoza,* 139 F.3d 1289, 1296 (9th Cir.1998); *S. Pac. Transp. Co. v. Public Utils. Comm'n of Cal.,* 716 F.2d 1285, 1290–91 (9th Cir.1983).

**CONCLUSION**

For the foregoing reasons, this Court should deny the petition.

Dated: July 29, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California

*s/ Harinder K. Kapur*

HARINDER K. KAPUR
Senior Assistant Attorney General
*Attorneys for Respondent*
*Bureau of Cannabis Control*

SD2020800721
OPPOSITION TO ENFORCE SUBPOENA.docx