ROBERT S. BREWER, JR.
United States Attorney
DYLAN M. ASTE
Assistant U.S. Attorney
California Bar No. 281341
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-7621
Dylan.Aste@usdoj.gov

Attorneys for United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 20-CV-01375-BEN-LL |
| Petitioner, | **THE UNITED STATES' REPLY TO RESPONDENT'S OPPOSITION** |
| v. | |
| THE BUREAU of CANNABIS CONTROL, a State of California agency, | |
| Respondent. | |

The Bureau of Cannabis Control ("BCC") now invokes both relevancy and reasonableness in refusing to comply with the administrative subpoena at issue here.[1] But the BCC does not actually argue that the documents requested are irrelevant to a Drug Enforcement Administration ("DEA") investigation, or that the request is unreasonably overbroad or would cause undue burden. Instead, the BCC attempts to shift the burden to the DEA to submit a declaration or affidavit establishing these factors. (*See* Resp't's Opp'n, 2) ("the DEA must submit evidence showing the

---

[1] The BCC states that it initially raised state law objections because it was obligated to do so as a State of California administrative agency, but it appears to no longer argue that the state laws apply. (Resp't's Opp'n, 8-9.)

relevance and reasonableness of the subpoena."). The BCC has not provided any federal authority for this purported requirement, because there is none. The DEA has met the prerequisites for issuance of a valid administrative subpoena, and last year a district judge of this court rejected the very arguments the BCC makes here. The DEA respectfully requests that this Court do the same, and enforce the Subpoena.

## **ARGUMENT**

The Subpoena, which was issued by the DEA, which requests specific documents related to a controlled substance, and which is pursuant to a Controlled Substances Act ("CSA") investigation, satisfies the relevance and reasonableness standards. As a court in this district recently stated, the law does not require the DEA to provide a particularized showing of the investigation to the responding party, nor does it require the DEA to provide a separate declaration establishing relevance and reasonableness to enforce an administrative subpoena. *See United States v. State of California*, 3:18-cv-2868, 2019 WL 2498312, at *2 (S.D. Cal. May 9, 2019).

### 1. **The Relevance Standard is Satisfied**

Courts "must enforce administrative subpoenas unless the evidence sought by the subpoena is <u>plainly incompetent or irrelevant</u> to <u>any</u> lawful purpose of the agency." *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113-14 (9th Cir. 2012) (emphasis added). Relevance is determined in terms of the investigation, not as prospective trial evidence, and the Ninth Circuit has emphasized that this prong of the inquiry is "not especially constraining." *Id.* The CSA's subpoena requirement is that DEA personnel find that the records sought are "relevant or material to the investigation." 21 U.S.C. § 876(a).

///

///

1  Here, the DEA subpoenaed the documents precisely because they are relevant
2  and material to a DEA investigation.  The Subpoena specifically states that "[t]he
3  information sought . . . is relevant and material to a legitimate law enforcement
4  inquiry." (Pet'r's Pet. Ex. A, ECF No. 1-3 (the Subpoena).)  It further provides that
5  there is a "criminal investigation being conducted."  (*Id.*)  This certification on the
6  Subpoena is not meaningless boilerplate language as the BCC suggests.
7  (*See* Resp't's Opp'n, 4.)  This certification is confirmed by the authorizing official,
8  a DEA supervisor, and satisfies the "not especially constraining" relevance
9  requirement because it makes clear that the records are relevant to a DEA
10 investigation.  *See Golden Valley*, 689 F.3d at 1113; *see also State of California*,
11 2019 WL 2498312, at *2.

12  A. <u>A Particularized Showing is Not Required</u>

13  The BCC misconstrues the relevance standard as requiring a particularized
14 showing "describing the nature of the investigation, and explaining how the
15 subpoenaed records are relevant to the investigation." (Resp't's Opp'n, 6.)  But no
16 such requirement exists, and binding authority plainly contradicts the BCC's
17 position.  *See, e.g., Golden Valley*, 689 F.3d at 1113-14 (holding that courts "must
18 enforce administrative subpoenas unless the evidence sought by the subpoena is
19 plainly incompetent or irrelevant to any lawful purpose of the agency").   Indeed,
20 "[t]he information subpoenaed does not need to be relevant to a crime; in fact, it may
21 be used to dissipate any suspicion of a crime." *Id*. at 1114.

22  Here, the DEA is the federal agency tasked with oversight of controlled
23 substances, which includes marijuana (cannabis), and the Ninth Circuit has expressly
24 recognized that "[a]s part of its oversight of drugs subject to the [CSA], the [DEA]
25 regularly issues investigative subpoenas." *Oregon Prescription Drug Monitoring*
26 *Program v. U.S. Drug Enf't Admin.*, 860 F.3d 1228, 1230 (9th Cir. 2017).  This
27 Subpoena directly serves DEA's mission to enforce controlled substances laws and

28

regulations.  While this alone demonstrates that the Subpoena is relevant to a "lawful purpose of the agency," the face of the Subpoena further attests to the records' relevance to an ongoing federal investigation.  *See Golden Valley*, 689 F.3d at 1113-14.

The BCC's demand for a heightened showing of relevance also ignores Ninth Circuit law, which states that mere suspicion of misconduct is <u>alone</u> sufficient to support issuance of an administrative subpoena: "an administrator's 'power of inquisition' 'is more analogous to the Grand Jury, which . . . can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'"  *Golden Valley*, 689 F.3d at 1116 (quoting *United States v. Morton Salt*, 338 U.S. 632, 642-43 (1950)); *see also Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989) ("So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant.") (internal quotations omitted).

The Subpoena, which was properly authorized, states that it seeks the documents pursuant to an investigation.  The United States is not required to divulge the specifics of an investigation to the responding party beyond the certification on a properly authorized subpoena.  Thus, a particularized showing is not required here.

B. <u>A Declaration is Not Required</u>

The BCC also appears to take the position that a declaration is required to establish relevance.  (Resp't's Opp'n, 6-7.)  But, again, no such requirement exists. While the DEA <u>could</u> provide a declaration essentially repeating the substance of the subpoena itself, for the Court to require that extra procedural step here and essentially for all administrative subpoenas would contravene controlling Ninth Circuit authority.[2]  *Golden Valley* held that the mere fact that an administrative

---

[2] In demanding a declaration (followed by a court order) as a prerequisite to complying with an administrative subpoena, the BCC essentially disregards

subpoena was authorized and served in the first place satisfies the procedural requirement for certifying relevance. *Golden Valley*, 689 F.3d at 1114 (holding that the relevance prong was satisfied because "[a] DEA supervisor signed and issued the administrative subpoena directed to [the respondent], and a DEA agent served the subpoena").[3] Here, a DEA Group Supervisor issued the subpoena, and a DEA Special Agent served it on the BCC, thus satisfying the Ninth Circuit's requirement. *See Golden Valley*, 689 F.3d at 1114.

## 2. The Reasonableness Standard is Satisfied

The BCC claims, for the first time, that the United States has failed to satisfy a Fourth Amendment prohibition against administrative subpoenas that are "too indefinite or broad." (Resp't's Opp'n, 8.) The BCC again appears to take the position that the United States must produce a declaration demonstrating that the Subpoena satisfies this standard. But, in fact, the BCC bears the burden of demonstrating unreasonableness. *See Golden Valley*, 689 F.3d at 1115 ("A subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome.") (internal quotation marks and citation omitted). "[T]he requirement of reasonableness comes down to whether specification of the documents to be produced is adequate, but not excessive, for the purposes of the relevant inquiry." *Id.* (internal quotation marks and citation omitted). The reasonableness review is "quite narrow," and the

---

established administrative subpoena procedure, and only recognizes a showing reserved for a process similar to a Grand Jury subpoena or a search warrant.

[3] Even the Fifth Circuit's *United States v. Zadeh*, which the BCC references, does not <u>require</u> a declaration. *See* 820 F.3d 746, 758 (5th Cir. 2016) (providing that in an enforcement action, "[t]he government <u>may</u> establish its prima facie case by an affidavit of an agent involved in the investigation averring the [required] elements") (emphasis added); *see generally United States v. ASG Solutions Corp.*, No. 17-cv-01224-L-BGS (S.D. Cal. July 18, 2018), ECF No. 23 (enforcing a False Claims Act Civil Investigative Demand with no accompanying declaration, and overruling an objection that the requested documents were not relevant).

1  United States cannot be required to "meet a higher standard" such as to demonstrate
2  probable cause.  *See id.* at 1113, 1115.

3      Here, the scope of the narrowly-tailored Subpoena is specific as to parties
4  (six), documents (three types), and timeframe (two years).  In response to the DEA's
5  reasonable request, the BCC states that "[t]he United States has failed to provide any
6  information from which this Court or the [BCC] can ascertain whether the scope of
7  the request is reasonable in the context of the investigation."  (Resp't's Opp'n, 7.)

8      The Subpoena is neither too indefinite nor overbroad.  The Subpoena "should
9  be enforced" because the BCC has not "proved" that the request is "overbroad or
10 unduly burdensome" in relation to the narrow inquiry.  *See Golden Valley*,
11 689 F.3d at 1115.  And, as discussed below, DEA disclosed as much as it reasonably
12 could to the BCC about the nature of the investigation in attempting to resolve this
13 issue without litigation.  *See* Ex. A.

### 3. A Court in this District Recently Decided this Issue in a Very Similar DEA Administrative Subpoena Enforcement Action

14
15
16      The BCC, a State of California agency, takes the position that the DEA must
17 file an affidavit or declaration to establish relevance and reasonableness.  The
18 California Attorney General's Office took this same position in *United States*
19 *v. State of California*, 3:18-cv-2868, 2019 WL 2498312 (S.D. Cal. May 9, 2019).  In
20 *State of California*, the DEA served the State of California with an administrative
21 subpoena, pursuant to 21 U.S.C. § 876, requiring California to produce prescription
22 drug records.  *State of California*, 3:18-cv-2868, Pet'r's Pet., ECF No. 1.  California
23 argued that the DEA must file a declaration with the district court to establish
24 relevance and reasonableness.  *See State of California*, Resp't Opp'n to Pet.,
25 ECF No. 4.  The United States contended that it satisfied the "not especially
26 constraining" relevance and reasonableness requirements and that there is no legal
27 requirement to provide a declaration essentially repeating the substance of the
28 subpoena itself.  *See State of California*, Pet'r's Reply to Opp'n, ECF No. 8.  The

1    Magistrate Judge disagreed with the United States and held that a declaration was

2    required.  *See State of California*, ECF No. 9.  The United States complied, and the

3    Magistrate Judge granted enforcement.  *See State of California*, ECF Nos. 12-1,

4    12-2, and 14.  The District Judge denied California's request for reconsideration,

5    required California to comply with the subpoena, and noted that "[a]lthough required

6    by the magistrate judge here, the Court does not agree that *F.D.I.C. v. Garner*,

7    126 F.3d 1138, 1142-43 (9th Cir. 1997) requires an agency to file a declaration when

8    seeking enforcement of an administrative subpoena in district court."  *See*

9    *State of California*, ECF No. 19, at 4 (also cited as 2019 WL 2498312).  The

10   District Judge further stated that "the Court finds that 'the [not] especially

11   constraining' relevance standard could have been satisfied upon <u>a facial reading of</u>

12   <u>the subpoena itself</u>."  *Id.*[4] (The subpoena at issue in this action stated there was an

13   ongoing investigation.) (emphasis added); *see also EEOC v. Federal Express Corp.*,

14   558 F.3d 842, 854 (9th Cir. 2009) ("the relevance requirement is not especially

15   constraining" (internal quotation marks omitted)).  In sum, a court in this district has

16   recently considered facts and arguments nearly identical to those at issue here, and

17   the result here should be the same – that a declaration is not required.[5]

18   *///*

19

20        [4] The District Judge went on to mention that the court "gather[ed]" that an
     ongoing DEA investigation was related to possible diversion of fentanyl and a
21   related death.  *Id.*  The District Judge continued that the information "was plainly
     identified in the communications between the agencies before the petition was filed."
22   *Id.* at 5; *see also State of California*, ECF Nos. 18, at 3-4 (describing the
     communication) and 18-1, at 36 (the email communication).
23

24        [5] The BCC briefly suggests, without legal support, that if the Court grants the
     United States' petition, it should impose extra-judicial constraints on the DEA's use
25   of the documents.  (Resp't's Opp'n, 4.)  The *State of California* court also addressed
     this issue and held that existing law already limits the DEA's use and privacy rights
26   are already protected.  *See State of California*, 2019 WL 2498312, at *3 (referencing
     the Privacy Act, 5 U.S.C. § 552a).
27

28

### 4. <u>**The BCC has Known that the Documents are Relevant**</u>

The United States has satisfied every requirement necessary to enforce the Subpoena. And even though there is no legal requirement to make a particularized showing of relevance through a declaration, *see State of California*, 2019 WL 2498312, at \*2, the DEA in fact did inform the BCC of the documents' relevance to an ongoing investigation.

In an effort to work cooperatively with the BCC before issuing the Subpoena, the DEA explained to the BCC why it was requesting the documents. Specifically, the DEA told the BCC that it was looking into the possible importation/transportation of a controlled substance from Mexico by specific licencees. *See* Ex. A (email).[6] In the interest of avoiding potentially compromising an ongoing investigation, the United States has submitted a redacted version of that communication for this public filing. The BCC has thus known from the outset that the documents requested in the Subpoena are relevant to an ongoing DEA investigation.

///
///
///
///
///
///
///
///
///
///

---

[6] The undersigned Assistant U.S. Attorney represents that Exhibit A is a true and correct copy of an email (redacted) that the DEA provided to him. The DEA sent this initial email to the BCC's general email address.

1

## **CONCLUSION**

2      The DEA certified on the face of the Subpoena that the documents requested

3 are relevant to an investigation, and the records are specific and narrow in

4 accordance with the Fourth Amendment reasonableness requirement.  A declaration

5 is not required to re-certify this certification, and no further showing by the

6 United States is necessary to meet the quite narrow scope of judicial inquiry into

7 enforcement proceedings for administrative subpoenas.   The United States,

8 therefore, respectfully requests an order enforcing compliance with the Subpoena

9 without restrictions beyond the current statutory and regulatory limitations that

10 govern the United States' use of the records.

11                                             Respectfully submitted,

12

13 DATED: August 5, 2020                 ROBERT S. BREWER, JR.
                                              United States Attorney
14

15                                            *s/ Dylan M. Aste*
                                              DYLAN M. ASTE
16                                            Assistant United States Attorney
                                              Attorneys for the United States
17

18

19

20

21

22

23

24

25

26

27

28