UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                              Petitioner,<br><br>v.<br><br>BUREAU OF CANNABIS CONTROL,<br>a State of California agency,<br><br>                            Respondent. | Case No.: 20cv1375-BEN-LL<br><br>**ORDER GRANTING PETITION TO ENFORCE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION ADMINISTRATIVE SUBPOENA**<br><br>**[ECF No. 1]** |
|---|---|

Currently before the Court is Petitioner's petition to enforce its administrative subpoena served on Respondent. ECF No. 1-2 ("Petition" or "Pet."). Respondent filed an opposition to the petition [ECF No. 4 ("Opposition" or "Oppo.")], and Petitioner filed a reply [ECF No. 5 ("Reply")]. Having reviewed the briefs, the Court **GRANTS** the Petition for the reasons set forth below.

**I.    FACTUAL BACKGROUND**

Respondent is the Bureau of Cannabis Control ("Bureau"), a State of California agency that regulates commercial cannabis licenses for medical and adult-use in California. ECF No. 1. at 2; Oppo. at 2. When a commercial cannabis business applies for a provisional or annual license, it is required to provide information to the Bureau such as business

ownership interest(s), financial interest(s), personal identifying information (e.g., date of birth and social security number), financial information including banking information, business operating procedures, and state and federal criminal arrest and conviction history. Oppo. at 3. To ensure that commercial cannabis activity is conducted between license holders, the "movement of cannabis and cannabis products throughout the distribution chain" is reported to the state through a track and trace program. Id. (quoting Cal. Bus. & Prof. Code § 26067).

In January 2020, the Drug Enforcement Administration ("DEA") issued and served an administrative subpoena on Respondent. Pet. at 1–2; Oppo. at 4. The administrative subpoena demands that the Bureau produce specific documents for three business entities and three individuals for the period from January 1, 2018 to January 9, 2020 pursuant to an investigation of violations of the Controlled Substances Act (21 U.S.C. § 801, et seq.). ECF No. 1-3 at 3; Oppo. at 4; Pet. at 1–2. Specifically, the substantive part of the administrative subpoena states the following:

> Pursuant to an investigation of violations of 21 U.S.C. 801 et seq., you are to provide all documents including unredacted cannabis license(s), unredacted cannabis license application(s), and unredacted shipping manifest(s) for the below California Bureau of Cannabis Control licensees from January 1, 2018 to Present:
> [. . .]
> The information sought in this subpoena is relevant and material to a legitimate law enforcement inquiry; the request is specific and limited to the extent reasonably necessary for the purpose of this request; and de-identified information could not reasonably be used.
> [. . .]
> Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

ECF No. 1-3 at 3.

The Bureau responded that it objected to the administrative subpoena and would not produce the requested documents because "the subpoena does not specify the relevancy of the subpoena and requests information that is confidential, protected from disclosure, and

part of pending licensing application investigations." ECF No. 1-3 at 5: Pet. at 2; Oppo. at 4. The United States spoke with counsel for the Bureau and sent a letter to the California Attorney General (and Bureau counsel) to "negotiate compliance" and "provided further information to [the Bureau] regarding legal authority for compliance and law enforcement relevance of the requested information." Pet. at 2. When the Bureau did not change its position, the United States filed the instant petition on July 20, 2020. Id. at 1.

## II. LEGAL STANDARD

In determining whether to compel compliance with an administrative subpoena, the scope of judicial review is "quite narrow." United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1113 (9th Cir. 2012) (citing E.E.O.C. v. Children's Hosp. Med. Ctr. of N. California, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), overruled on other grounds as recognized in Prudential Ins. Co. v. Lai, 42 F.3d 1299, 1303 (9th Cir.1994)). A court must determine "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." Id. (quoting E.E.O.C. v. Children's Hosp. Med. Ctr. of N. California, 719 F.2d at 1428). "Even if these factors are shown by an agency, the subpoena will not be enforced if it is too indefinite or broad." Peters v. United States, 853 F.2d 692, 699 (9th Cir. 1988).

## III. DISCUSSION

There is no dispute here regarding whether Congress has granted the authority to investigate or whether procedural requirements have been followed. The Bureau concedes that in this case, the first two elements of the Court's inquiry have been met and only the third is at issue, arguing that "the United States has failed to show that the subpoenaed records are relevant to any investigation." Oppo. at 5. The Bureau argues that relevance can be shown "by the affidavit of an agent conducting the investigation, describing the nature of the investigation, and explaining how the subpoenaed records are relevant to the investigation." Id. at 6. The Bureau contends that a facial reading of the subpoena does not satisfy the relevancy requirement because it only shows that there is an ongoing

investigation authorized under the Controlled Substances Act. Id. at 7. The Bureau further argues that it is unable to determine if the subpoenaed documents are too indefinite or broad because the subpoena fails to state how the documents are relevant to the DEA's investigation.[1] Id. at 7–8.

The United States argues that the relevancy requirement has been met because the properly authorized and certified subpoena states that "[t]he information sought . . . is relevant and material to a legitimate law enforcement inquiry" and that there is a "criminal investigation being conducted." Reply at 3 (quoting ECF No. 1-3 at 3); Pet. at 4–5. It contends that nothing more is required to show that the documents requested are relevant to an ongoing federal investigation. Reply at 3–4. The United States adds that "in an effort to work cooperatively with the [Bureau] before issuing the Subpoena" the DEA did in fact explain in an email to the Bureau in August 2019 that it was seeking the documents to investigate "possible importation/transportation of a controlled substance (marijuana "crude oil") from Mexico" by specific licensees. Id. at 8; see also ECF No. 5-1 at 3–4. The United States also argues that the subpoena is not too indefinite or broad because "the narrowly-tailored Subpoena is specific as to parties (six), documents (three types), and timeframe (two years)." Reply at 6; Pet. at 5.

"Relevancy is determined in terms of the investigation rather than in terms of evidentiary relevance." United States v. Golden Valley Elec. Ass'n, 689 F.3d at 1113–14 (quoting E.E.O.C. v. Fed. Exp. Corp., 558 F.3d 842, 854 (9th Cir. 2009)). The relevance limitation is "not especially constraining." E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 68 (1984); United States v. Golden Valley Elec. Ass'n, 689 F.3d at 1113. A court "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly

---

[1] The Bureau states that the objections it initially made to the requested information as "confidential, protected from disclosure, and part of pending licensing application investigations" were made in its role as an administrative agency of the State and in order to preserve them for review. Oppo. at 8–9. The Bureau does not present arguments on those objections in its Opposition to the Petition and so the Court will not address them.

incompetent or irrelevant to any lawful purpose of the agency." Id. at 1113–14 (quoting E.E.O.C. v. Karuk Tribe Hous. Auth., 260 F.3d 1071, 1076 (9th Cir. 2001)). On the other hand, "Congress did not eliminate the relevance requirement" and courts must be careful not to construe the relevancy requirement of an administrative subpoena "in a fashion that renders that requirement a nullity." See E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 69 (1984).

The Court finds that the United States has sufficiently established the relevancy of the subpoena to meet the "not especially constraining" standard. In making this determination, the Court finds that the subpoena by itself does not establish relevancy because it states only a bare and conclusory statement that the material being sought is "relevant and material to a legitimate law enforcement inquiry" in connection with a criminal investigation. This satisfies part of the procedural requirement of the analysis, but not relevancy. See United States v. Golden Valley Elec. Ass'n, 689 F.3d at 1114 (finding procedural requirements met when DEA employees found the records being sought to be relevant or material to the investigation prior to issuing a subpoena, which was signed by a DEA supervisor and served by a DEA agent). To accept a statement that the documents being sought are relevant to a criminal investigation as meeting the relevancy requirement is to nullify the requirement completely, which the Supreme Court has warned against. See E.E.O.C. v. Shell Oil Co., 466 U.S. at 69, 72 (finding that permitting a mere allegation of a violation with no other details "would render nugatory the statutory limitation of the Commission's investigative authority to materials 'relevant' to a charge").

In this case, the DEA also communicated to the Bureau that it was seeking documents as part of a criminal investigation into the possible importation or transportation of marijuana "crude oil" from Mexico by specific California Bureau of Cannabis Control licensees. The Court finds that the records sought in the subpoena—"all documents including unredacted cannabis license(s), unredacted cannabis license application(s), and unredacted shipping manifest(s)"—are relevant to an investigation into importation or transportation of marijuana "crude oil" from Mexico by specific licensees. The Court thus finds that the subpoena and the communication between the agencies together are sufficient

to establish the relevance of the requested records to the investigation. See <u>United States v. Golden Valley Elec. Ass'n</u>, 689 F.3d at 1114 ("The information subpoenaed need only be relevant to an agency investigation." (citing <u>E.E.O.C. v. Fed. Exp. Corp.</u>, 558 F.3d 842, 854 (9th Cir. 2009))); <u>United States v. California</u>, No. 3:18-CV-2868-L-MDD, 2019 WL 2498312, at *2 (S.D. Cal. May 9, 2019) ("The instant subpoena was served on California DOJ in June 2018, and the relevance to the data sought was plainly identified in the communications between the agencies before the petition was filed.").

The Court does not find that the subpoena is too indefinite or broad. It requests three types of documents—unredacted cannabis license(s), unredacted cannabis license application(s), and unredacted shipping manifest(s)—from three business entities and three individuals for a time period of two years. The Court finds the request to be sufficiently narrow and specific. See <u>United States v. Golden Valley Elec. Ass'n</u>, 689 F.3d at 1115 (finding a subpoena requesting records related to electricity consumption at three customer addresses for a fourteen-month period to be narrow and specific).

The Bureau mentions briefly in its Opposition that if the Court is inclined to grant the petition, "it should ensure that the subpoenaed records are collected only as needed for purposes consistent with the [Controlled Substances Act] and that the records will be disseminated only as necessary for those purposes." Oppo. at 5. The Court agrees with the United States that existing law already limits the DEA's use of the requested records and privacy rights are protected. <u>See</u> Reply at 7 n.5; <u>see also</u> <u>United States v. California</u>, 2019 WL 2498312, at *3 ("Petitioner has demonstrated that the Privacy Act, *see* 5 U.S.C. § 552a, restricts its use of [the subpoenaed] records. To the extent any privacy protections under California conflict with the Controlled Substances Act ("CSA"), the CSA expressly preempts state law. *See* 21 U.S.C. § 903."). Accordingly, the Court declines to impose additional restrictions.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that the DEA's subpoena sought information relevant to an investigation into the transportation or importation of a

controlled substance and was not overly broad or indefinite. Accordingly, the Court **GRANTS** the Petition of the United States to enforce the administrative subpoena served by the DEA upon the State of California Bureau of Cannabis Control. See United States v. Golden Valley Elec. Ass'n, 689 F.3d at 1113–14 ("We 'must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency.'" (quoting E.E.O.C. v. Karuk Tribe Hous. Auth., 260 F.3d 1071, 1076 (9th Cir. 2001))).

**IT IS SO ORDERED**.

Dated:  August 31, 2020

Honorable Linda Lopez
United States Magistrate Judge